# ATTACHMENT B
*Property to be seized*

1. All records relating to violations of Title 26 U.S.C. § 7203, Failure to File Tax Returns and Title 26 U.S.C. § 7202, Willful Failure to Collect or Pay Over Tax, those violations involving Christopher Roehler, Laura Roehler, Rolling Farms Café LLC, Rolling Farms LLC, GA 7 LLC, GA Twenty Three LLC, JWD 413 LLC, Kingsley Tavern LLC, doing business as Judson Market and Restaurant, and occurring after January 1, 2015, including:

   a. All corporate bookkeeping records and other financial records including general ledger, general journals, all subsidiary ledgers and journals, gross receipts and income records, cash receipts and disbursement records and/or journals, sales and purchase records and/or journals, petty cash journals, accounts receivable and payable ledgers and records, cost of goods sold records, loan receivable and payable ledgers, voucher register and all sales and expense invoices including all invoices documenting expenses paid by cash (currency) or bank check (cashier or teller checks) and retained copies of any bank checks (cashier or teller checks.), cash register tapes and sales tickets.

   b. All financial statements, bookkeeper's and/or accountant's workpapers used in the preparation of personal and corporate records or tax returns. Retained copies of all federal and state income and payroll tax returns.

   c. Bank statements, credit card statements, statements of brokerage accounts; safe deposit records; deeds and other papers reflecting ownership of real estate; stock certificates; ownership papers and bills for items of personal property; inheritance records; loan documents; cancelled checks; bills and receipts for taxes, mortgage payments, utilities, phone, and credit card receipts; payroll check stubs; records of stock transactions; records of real estate income and expenses.

   d. All employment and payroll records to include records disclosing the dates of employment, wages, tips or commissions paid; Cash payroll records/books; personnel lists; employee time cards; checks used for any payments made to employees of Rolling Farms Café LLC and JWD 413 LLC.

   e. Inventory records establishing beginning and ending inventories including inventory sheets, work-papers, and valuation records. Records and work-papers reflecting the purchase, basis and depreciable life of assets. Records and work-

papers of sales of corporate assets such records disclosing the dates of purchase and sale, cost and sales price, records establishing or adjusting asset basis.

f. All Internal Revenue Service Forms W-2, W-4 and 1099 for any employees and independent contractors of Rolling Farms Café LLC and JWD 413 LLC.

g. Any correspondence, corporate minute books, memoranda, writings, or records, in whatever form, including encoded material, concerning or between Christopher Roehler, Laura Roehler, and any other individuals or employees involved in any business transactions with Rolling Farms Café LLC, Rolling Farms LLC, GA 7 LLC, JWD 413 LLC, GA Twenty Three LLC, and Kingsley Tavern LLC.

h. Electronic equipment, including, but not limited to, cell phones, computers, computer systems, related peripherals and fax machines; tapes, cassettes, cartridges, streaming tape, commercial software and hardware, computer disks, disk drives, monitors, computer printers, modems, tape drives, disk application programs, data disks, system disk operating systems, magnetic media floppy disks, hardware and software operating manuals, tape systems and hard drive and other computer related operation equipment, scanners, Graphic Interchange formats and/or photographs, slides, and other visual depictions of such Graphic Interchange formats (including, but not limited to, JPG, GIF, TIF, AVI, and MPEG), and any electronic data storage devices, including, but not limited to hardware, software, diskettes, backup tapes, CD-ROMS, DVD, Flash memory devices, and other storage mediums; any input/output peripheral devices, including but not limited to passwords, data security devices and related documentation, and any hardware/software manuals.

i. Any cellphones and electronic devices in the possession or control of Christopher Roehler.

2. Computers or storage media used as a means to commit the violations described above, including violations of Title 26 U.S.C. § 7203, Failure to File Tax Returns and Title 26 U.S.C. § 7202.

3. For any computer or storage medium whose seizure is otherwise authorized by this warrant, and any computer or storage medium that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter, "COMPUTER"):

2

a. evidence of who used, owned, or controlled the COMPUTER at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

b. evidence of software that would allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software as well as evidence of the lack of such malicious software;

c. evidence indicating how and when the computer was accessed or used to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;

d. evidence indicating the computer user's state of mind as it relates to the crime under investigation;

e. evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

f. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTER;

g. evidence of the times the COMPUTER was used;

h. passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

i. documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

j. records of or information about Internet Protocol addresses used by the COMPUTER;

k. records of or information about the COMPUTER's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

l. contextual information necessary to understand the evidence described in this attachment.